## FRANK McCONNELL v. RAY BRISTOW.[1]

May 25, 1923.

No. 23,428.

**Default of vendor not excused.**

1. The evidence is sufficient to sustain a finding that plaintiff, the vendor in a land contract, was unable to deliver possession at the time agreed, and that he otherwise failed to perform his contract, and that defendant, the vendee, did nothing to excuse performance.

[1] Reported in 194 N. W. 19.

New trial properly denied.

> 2. No sufficient showing was made to warrant a new trial on the ground of newly discovered evidence.

Action in the district court for Hennepin county for specific performance of a contract. The case was tried before Molyneaux, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Alva R. Hunt* and *Ernest W. Campbell*, for appellant.

*Daniel F. Foley*, for respondent.

HALLAM, J.

1. In April, 1920, plaintiff owned and occupied 80 acres of land in Meeker county. On April 19, 1920, plaintiff and defendant entered into an executory contract, by which plaintiff agreed to sell the land to defendant for $11,600. Two thousand dollars was paid down, $3,500 was to be paid March 1, 1921, and, on payment of that amount, defendant was to have possession of the land. Plaintiff agreed to plow half of the cultivated land in the fall of 1920. The payment of $3,500 was not made, and plaintiff brought this action for specific performance of the contract. Defendant answered, alleging that, when March 1, 1921, arrived, plaintiff was not able to deliver possession and that plaintiff had failed to plow any of the land in the fall of 1920, and asked for a return of the $2,000 paid by him. The court found for defendant. Plaintiff appeals.

It is admitted that no fall plowing was done and it is also admitted that a man named Carlberg was in possession on March 1, 1921, and that plaintiff could not in fact deliver possession. The two defaults together undoubtedly justified defendant in refusing performance, unless those defaults were excused. Plaintiff undertook to excuse the defaults in this manner: It is shown that, after the sale from plaintiff to defendant, defendant made a contract with Carlberg to sell the land to him. Carlberg was anxious to obtain possession in the fall of 1920 before defendant's right to possession of it accrued, and pursuant to some arrangement did enter possession,

and continued in possession until long after March 1, 1921. In the meantime he had a disagreement with defendant. Plaintiff claims that defendant consented to Carlberg's taking possession. If this is true, defendant cannot complain of Carlberg's possession, and such possession would not excuse him from performing on his part. Plaintiff also claims that Carlberg did not wish to have any fall plowing done, and that defendant accordingly consented to the waiver of this requirement of the contract. Defendant takes issue on both these propositions. He denied that he consented to Carlberg's entry into possession or to the waiver of the fall plowing. Plaintiff produced evidence in support of his contention. Defendant produced evidence in denial. A clear issue of fact was presented. The trial court found with the defendant. We think the evidence is sufficient to sustain his finding.

2. Plaintiff asks for a new trial on the ground of newly discovered evidence. He produced affidavits of parties who claim to have heard defendant make statements indicative of his consent to Carlberg's taking possession. The affidavits are denied. The parties making the affidavits lived in the vicinity and were on intimate terms with Carlberg, who was plaintiff's witness. It would seem that with due diligence their testimony could have been obtained at the trial.

Order affirmed.